Case No. 09-2566, American Access Casualty v. Felicia Tutson. Counsels, good morning. Do you want to identify yourselves for the record, please? James Crowley for the defendant, appellant Felicia Tutson. Mr. Crowley? Good morning. Keely Hilsen on behalf of the plaintiff, appellant. Hilsen, good morning again. Fifteen minutes each, and you can save out any fifteen you wish for a response. Okay. I'd like to reserve two minutes. You may. Your Honor, this is an appeal from cross-motion for standard judgment on a declaratory action that was filed by American Access to obviate its duties to pay an uninsured motorist claim filed by Felicia Tutson relative to a motor vehicle accident that she was in. What did you think was going to happen while all of this was going on? Did you think it was going to be settled? We were waiting for the carrier to make some movement after we provided them with final information. Well, after a certain period of time, didn't it occur to you that maybe you ought to do something affirmative to protect your claim? As I say to you... Like file a lawsuit yourself? Well, we didn't have a... Or file a demand for arbitration rather than saying later on that there are conditions preceding to filing that arbitration? You could also file the arbitration and wait for some court to decide whether or not you did it right or not. Well, I don't think that we had a contractual right to file a demand for arbitration at any point until the conditions preceding were met, Your Honor. Mm-hmm. Does an insurance company have an affirmative duty to contact you at all? Under the Illinois Insurance Code? Yeah. They have a duty if they are denying the claim to advise you of the remainder of the period, yes, that you have available to file your arbitration. But does that come into play after you've provided a written claim? Well, yes, because at some point if they find a basis for denying the claim, then it's incumbent upon them to notify the client. You can't sit and wait for the two-year limitation period to lapse and then say, by the way, here's our defense for why we're denying your claim, and by the way, you're out of the bag because you didn't file for arbitration within two years. So... But was there an initial requirement of the policy that some sort of written claim be made? The policy required first oral notification. Which you allege that you did. Which she did do. She contacted the carrier on February 2nd, a couple days after the accident. That was followed up by a written confirmation of the claim from counsel. When? We sent our letter on April 13th that we represented her. February and then April. Right. April 13th. You sent in a written claim. We sent the carrier our attorney's lien. Right. And they acknowledged your lien in April. Correct. And they sent forms. Right. But nothing happens for 11 months. During the 11-month period... Did you fill out the forms, all the forms they sent you? No, Judge. No, Judge. But are you supposed to under the policy, if they send them within 15 days of that attorney lien? The policy provided that if they sent forms within 15 days of receiving notice, and they received notice on February 2nd, they sent the form 78 days later. Okay. You're claiming they were late in sending the written forms. Okay. So you're saying that the policy requires that it has nothing to do with written notice. We're not going to read the other provisions together or anything like that? Well, no, Your Honor. We read the policy in total. All right. So when this notification was given in writing, and then they sent you the forms within the 15 days of the written notice, that was when there was like a lapse, right? Nothing was done. With respect to the form? Yes. Correct. But it's our position that the 15-day clock started when she notified the carrier on February 2nd. The policy states 15 days of receiving notice. It doesn't say receiving written notice. It doesn't say of receiving a demand packet. It doesn't say of receiving bills or medicals. It says of receiving notice. And we have to interpret these cases in light of the insurer, not the insurer. Since 78 days lapsed, she was not obligated to complete that form. And, in fact, they never raised the form for the remainder of the two-year period. They never used the failure to complete the form as a basis to deny the claim. They never raised the failure to complete the form in the declaratory action. And under Illinois law, that is waived. They waived that defense. Among other things, yes. Among other things. Well, you've got some support for the waiver argument. They can clearly waive the requirement that a proof of loss be filed if we can interpret their behavior as amounting to a waiver. That's basically your argument. I have a three-pronged argument with respect to the claim form. The first was it was filed 78 days after notice. It wasn't labeled as a proof of loss form either, was it? No. Did it have a different name on it? It's an accident report form. That's not proof of loss, really, is it, under the strict terms of the policy? The policy defines it as proof of claim form. And that isn't how it's labeled when they send it to you? No. Okay. The second issue is the general waiver that they never raised this issue as a basis for denial or in the DEC action. They only raised it during summary judgment. The third issue is their conduct, that they sent a form in April and allowed 18 more months to pass and never raised the issue of the form and kept inducing the client under the impression that everything was fine. Give us a sworn statement, give us your medicals, do this, do that. One letter kept coming after another. They took your deposition? Yes. Took your deposition. It took a sworn statement. And they twice sent you notices that this letter was in no way an indication that they were denying any coverage. Right, Your Honor. They were still investigating. Right. And if you look at the actual documents, and this is part of what's so egregious here, is that the letters are clearly drafted in a way to prevent us from demanding arbitration. They state in bold capital letters in the letter, this is not a refusal to pay this claim. Why do they state that? Because if it was a refusal, the condition proceeding would kick in. Right. And we could demand. Right. So throughout the two-year period of time. Well, they're arguing that under Illinois law you could have demanded even without those conditions that proceed being met because we've got a case out there that seems to suggest that. And that's a position they once took. As you point out, they've shifted positions depending on the facts of the case. Right. Well, let me put it this way. To be fair, their law firm has shifted positions from time to time depending on who they're representing in the facts of the case. That's your argument. Different defendants, same policy language, same attorneys, different position before the same court. The issue is, though, that we have a contract and the insured can only rely on what's in the contract. The arbitration provisions are quite clear. There's only three circumstances when you can demand arbitration. Yeah. American Access concedes that none of those occur. You could file your own deck action. At that point, under the policy regarding filing a legal action against the carrier, we still weren't within following all the terms and conditions of the policy. I mean, I guess we could have filed a deck action. Anybody can file a lawsuit. Whether it gets dismissed is another thing. Yeah. But that's one option. That would at least save you from the two-year statute of limitations, wouldn't it? It may have. But the Illinois legislature steps in to prevent injustice here by enacting 143.1 of the Illinois Insurance Code, which states that if you provide the carrier with all the information that they're looking for that gives them the opportunity to adjust the claim, then the limitations period tolls under the policy. The last correspondence that we received from American Access in November of 2007 stated that they were looking for an ambulance bill, and their letter concluded, once you provide this information, we will be able to make a decision on this claim. And we provided that ambulance bill, and then nothing was done by American Access or said until the limitations period expired. So if there was anything else that needed to be done, American Access needed to tell us during the limitations period. Based upon that last letter, they were given all the information that they needed to adjust the claim, and the tolling provision of the Illinois Insurance Code tolled the limitations period. Now, what's important here is that they concede that there are three conditions precedent that must be met. They concede that none of those occurred here, and yet they are saying that she should have demanded arbitration anyway. And they cite to a case that suggests that that would have been possible, the old Safeway case. The problem is that Ms. Tutson can only rely upon the contract of which she's a party to. And as we know from the Safeway case, that if Ms. Tutson had filed a demand for arbitration before the conditions precedent occurred, they would have gone in and filed a deck action as well, alleging that she was not in compliance with the terms and conditions of the policy. That's what they've done in the past. It doesn't matter what the circumstances are. The carrier in these substandard cases finds ways to look like a catch-22, sounds like a catch-22, walks like a catch-22, is probably a catch-22. Absolutely. That's basically your argument. Absolutely. And there's a reason that the policy is drafted in the way that it is. They're sharp business people, and they know that regardless of what circumstance arises, they're going to have some hook to hang their hat on with respect to find some way to deny a claim. Anything else you want to tell us about this? Well, the other issue was that there was an affidavit that was filed with respect to the summary judgment motions that I moved to strike because it was a contradiction to judicial admissions that Judge Hall used as the basis of her decision to grant summary judgment. All the testimony given in the case was that notice was first received February 2nd, and when, during the course of the summary judgment proceedings, they realized that they had not sent their form within 15 days of receiving notice, they provided an affidavit contradicting the earlier judicial admissions, which then stated, oh, by the way, we didn't receive notice of this claim until April 13th. It was a direct contradiction of earlier judicial admissions, and it should have been struck. Judge Hall states in her opinion that she didn't rely on the affidavit. However, she bases her opinion on that date. So it should have been struck, Your Honor. We're asking that the matter be remanded and reversed, and that the trial court be instructed to enter summary judgment in favor of Ms. Tuckson. Thank you. You mean allowing arbitration to go forward? Correct. Just want to be clear what relief you're looking for. Yes. Okay. Thank you. Ms. Ellison. Yes. Thank you. I'm really kind of interested in this waiver argument, and that the behavior of the insurance company is such that they have a right to rely on your behavior as an indication that you were really intent upon settling this claim and not just running the two-year statute of limitations on it. I'm really drawing on a dissent that was written in the case that you wrote, that you cited. I'm not sure which case you mean. You know the case. Are you talking about the Safeway versus? I'm talking about VALA versus Pacific Insurance. There's a dissent in that case which cites to a lot of cases that say, one of the things we ought to take into consideration in this kind of case, given the nature of the policy and the nature of the insurer, we ought to consider the possibility that you can weigh the requirements that a proof of loss be filed by your behavior. First of all, on the summary judgment motion, at least, I don't think they proved that there was any waiver. There was a limited discussion as to what was going on. They pointed out February 2nd, telephone conversation. You did respond to the demand for the policy limits with a letter indicating that you weren't, at this point, denying the claim. Right? Right. Twice you sent them letters saying you weren't denying the claim. The reason is the insurance company doesn't want to wrongfully deny it. They're still investigating it. Of course. No, I understand why you use that language. And I don't think that an insurance company is or should be prohibited from requesting additional information or documentation just because there's one piece of information that's requested that's still outstanding. You took the allegedly injured party's deposition, did you not? The sworn statement, the statement under oath, yes. It was a statement under oath. Yes, and at that time, at the commencement of that, I informed her and her attorney that the insurance company was not waiving its policy defenses, was reserving its policy defenses. Which would have included the two-year statute of limitations. Right. If nothing else, that should have woken them up. Okay. There was nothing in the conduct of this insurance company that misled her in any way. There was no offer or promise offered. There was no negotiation to lull her into a sense of security. At all times, we were investigating this.  And you would argue that her sworn statement under oath does not meet the requirements of the policy's proof of loss requirements. Exactly. That is one of the requirements, but it is not sufficient because as condition 8. On forms acceptable to the insurer. On forms provided by the insurer. Okay. Under condition 8, it specifically says you've got to provide the proof of loss You send them a form that isn't exactly, that you don't use the same language in the policy for your proof of loss forms that you use in the forms that you send to them. Did they get confused by that? No, because it was the only form that was sent. Here's the form. The policy says we have to send you the form to fill out. This is the form. Please fill it out and send it back to us. They never sent it back to us. That's right. And I'd like to go back even before that. I think it's important what Judge Hall pointed out in her decision that the policy specifically provided that a notice of claim has to be in writing. There is a provision on the front of the policy that says, if you're in an accident, call us, let us know about it as soon as practicable or as soon as possible, something to that effect. But there's also a condition three of the policy, and that is set forth on page 52 of the record. That condition specifically says, in pertinent part, all notices which may be required by this policy shall be in writing. So it's our position that the phone call on February 2nd may have been sufficient to comply with the initial first page call to tell us about the accident. But it wasn't sufficient to submit a claim and trigger that 15-day limit for us to provide the reports. And the lawyer's written demand for the policy limits wouldn't be analogous to something that you would characterize as proof of law? No, because it wasn't on the form. It didn't include all the information requested by the form. It wasn't signed or sworn to. So sending the medical bills wouldn't be proof of law either? It's not sufficient. Along with the demands of the policy limits. Right. And I wanted to remind you. That affidavit then isn't really the big issue here, because Judge Hall was concluding that the triggering date was not in February, but it was April 13th, and that is when the form was sent out. Yes. There's no doubt that the form was sent out within less than 15 days after the attorney leaned notice, the April 13th letter saying we're making an uninsured motorist claim on behalf of Ms. Hudson. They didn't send that back until 11 months later? They never sent it back. Okay. Four years later, we still don't have it. Let me ask you this. What is your response to the citation to the code that requires the carrier to give notice of the amount of time remaining to demand arbitration? First of all, that is only triggered if the claim is denied. We were still investigating the claim, so it wasn't denied. We never told her we were accepting it. And we weren't required to accept or reject the claim while we're still investigating or we're still waiting for her to turn in the forms. And there's no duty, there's no form of duty on the insurance company to remind her that, hey, you've got to comply with the policy term, which says you've got to provide us the proof of form on the claim that we provide. And the case law under the statute 143.1, case law says you've got to provide the proof of loss in the form required by the policy. And even if under these cases, even if there's just a minimal difference, that's been held not sufficient to toll the limitations period. In some cases, the people have provided virtually all the information, but it wasn't signed to or sworn. So that was insufficient. In this case, we timely provided the proof of claim form. They never, never furnished it. And the statement of the insured under oath is not enough under your policy? It's not enough. In other words, there's no substitute. There can't be any substitute. There is no substitute, no. We never waived that requirement. And under the statute, it hasn't been told. The two-year limitations period for filing a demand for arbitration in an uninsured motorist case or an underinsured motorist case has been repeatedly upheld by the courts. It's not ambiguous. It's not against public policy. This is well-known case law. She had an attorney. They knew about this. There's also case law out there, not just the Safeway v. American Arbitration Association case, but other cases which suggest, if not outright state, that, yes, you can make a demand for arbitration before compliance with conditions proceed. We cited Van Sickle v. Country Mutual and Parrish v. Country Mutual. Which actually, in a way, contradicts the language of the policy, doesn't it? Because the policy provides that a condition proceeding through arbitration is that you disagree about something. Well, I don't think that is a condition proceeding. They call it a condition proceeding, but I suggest to you that there is. Well, you suggested in the policy that before you can arbitrate, you have to have a disagreement about one of these factors. The policy says, if the parties do not agree. You're not suggesting that because of the way the policy is written and the way the case law is written. You have it both ways. I think the way it's written, and I think the way it should be interpreted, is this is just a list of the issues that are subject to arbitration. And I think to hold otherwise would put an unfair burden on insurers in other cases. They can't request arbitration until they prove that there's some disagreement. How do they prove that? I think what you're really suggesting is that if they have a lawyer, the lawyer should know that there's a case out there that trumps the implications contained in your policy. Is that fair? No, I don't think that's my position. Is it a fair interpretation that in order to read the policy, you also have to read the Safeway case? No. You can just read the policy? No. I think you can read the policy and you also have to – And safely rely on that. I'm not trying to trick you. I'm just asking you what – I think there's nothing in the policy that says you cannot – But your position is consistent. I'm simply saying that the policy does not say you cannot demand arbitration within two years. In fact, the policy specifically says you have to demand arbitration within two years, and it specifically tells them how to do that. Okay. Arbitration is commenced when we receive your written notice saying that. But what does the other provision say? I'm sorry? What does the other provision say? Because I was just looking in the brief. Let me see if I can – The one they're relying on that, you know, contains conditions preceding. I'm looking for it. Let me see if it – Well, in any event, Judge Cahill has said there may be some inconsistency in the two provisions. I know it's in the one brief, and I just don't have it in front of me. I don't have it in front of me either, but it says essentially if the parties don't agree on three different points, then these matters shall be submitted to arbitration. It doesn't say if the parties disagree or if the parties don't come to a settlement. It says if the parties don't agree, then these matters shall be submitted to arbitration. And it makes sense because if the three matters set forth, if the parties agree on those, there's no need for arbitration. that will be subject to arbitration. Right, and I think that's required under the statute. As opposed to the insured's right to demand arbitration right off the bat. Right. I think that part of the policy simply sets forth the issues that, under the statute, have to be subject to arbitration. That's all it is. It's not a condition preceding, and there's no case law saying it's a condition preceding. And I submit that it would do a disservice to insured's for this court to rule that it is a condition preceding. It may help her in this case, but if you put that burden on insured's in another case, then it makes it harder for them to proceed to arbitration expeditiously. The whole point of the statute is to allow a procedure for these people to get their claims paid without having to go through litigation. And if they had simply sent that letter demanding arbitration, that's what would have happened. I want to remind you that in this case, there are extra reasons why we're investigating, you know, and not just simply relying on her sworn statement. We received a police report which shows she wasn't there. She testified that she was there. She testified that she was treated in an ambulance at the scene. We requested those records, and lo and behold, the records show that she wasn't there. Is any of that in the record of this case? I'm sorry, I didn't hear you. Yeah, the police report. Is any of that in the record of this case, what you're talking about? Yes. Yeah, it's in the police report. It's all set out in your brief as well. Yes. You can take a citation to the record. Yeah. Let me ask you another question. I've heard the word thrown around here, proof of loss. To me, a proof of loss is something that's used in a physical damage case. Proof of loss is not used in an uninsured voter's case. Is that true? This policy specifically contained a condition, Condition 8, which says you have to file a proof of loss or proof of claim. A proof of claim is different than a proof of loss. A proof of loss is almost like a release. Words that are thrown around all have meaning. They're thrown around like they don't have any meaning. The policy says proof of claim. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving them. But the proof of loss is a medical bill for an injury, a personal injury. How do you get that onto your claim form? Does the claim form provide for that, a place where they can put the medical bills? I would have to look through the – Because the lawyer sent you the medical bills. So at the same time that they made the demand for the policy limits, they submitted medical bills. We're throwing around the word proof of loss, proof of claim. The blank proof of claim form does appear in the record, and I think it's one of their exhibits even. You know, that clause you just read didn't say anything about written notice, did it? That one didn't, but the policy has to be read together. The conditions have to be read together. The condition of three of the policies specifically says all notices have to be made in writing. It says you have to send it to the company. Are there any ambiguities as far as you're concerned with respect to reading that policy? In those conditions, no. In those particular conditions and phrases, terms that we're talking about, no. I do not see any, especially if you read in light of the case law. And I'd also like to point out that in the court below, the defendant never raised as an affirmative defense that Section 143.1 told the limitations period. So I think for that reason alone, you could affirm the summary judgment. You're not entitled to raise it on summary judgment if they haven't put in their pleading. 143.1 was never raised in the trial court, you're saying? It was raised in the trial court in the summary judgment motions. It was not raised in their affirmative defense. It filed an affirmative defense saying estoppel and waiver,  The moment they used the word estoppel or waiver, they've implicated 143.1, haven't they? No, that's not what they were alleging, though. The facts that they alleged to support their claim of estoppel or waiver didn't get into that at all. Anything else? I have a couple of things. The proof of claim form is different than a proof of loss, or do you disagree with that? I think I would disagree. I think it could be the same thing. You don't think that a proof of loss is something used on physical damage as a release? I mean, on your uninsured motorist releases, it doesn't say proof of loss. I've never seen those words ever. I've been in this business more than 50 years. I think the phrases can be used interchangeably. I don't think that a proof of loss form necessarily applies to physical damage, or proof of claim form necessarily applies to medical payments. Well, let's talk about proof of claim. When he sends you to special damages, isn't that a proof of claim? It may be some proof of the claim, but it's not sufficient. It's not the full proof of claim that we're requesting. Well, what else is in the proof of claim other than what the special damages are? If you'll give me a minute, I'll look for that proof of claim form to tell you what's on it. In other words, you're telling us that there was information that was not sent to you. Yes. The proof of claim form, the blank proof of claim form, appears at page 171 to 172 of the record. It asks for one thing. It asks to list the drivers, passengers, their names, ages, addresses, phone numbers. Well, isn't all that in the police report? I'm sorry? Is all that information on the police report? No. As a matter of fact, it's not, because the police report doesn't list Ms. Tutson at all. It shows that there were no passengers. She's claiming that she was a passenger in Mr. Gates' car, but the police report only shows that Mr. Gates was there. So this is why we're asking for all this proof. And we specifically asked her after the sworn statement, well, you mentioned that you were actually treated in an ambulance at the scene of the accident. Send us that report. And what do they do? They send us an ambulance report from the following day. They didn't send us a report from the day of the accident. Okay. All right. You've asked for it. It made no, giving us no excuse for not returning the proof of claim form, no excuse for not demanding arbitration within two years, and I also point out that she didn't file a suit within two years. The policy also required that any suit against the company be filed within the same two-year limitation period. And this court has upheld that in the case of Hermanson v. Country Mutual. Such a clause requires not only an arbitration demand, but also any suit against the company on the claim to be made or commenced within the same two years. Addressing the condition preceding matter again, if I may just briefly, calling it a condition preceding doesn't make it a condition preceding. But even if you think those three issues were conditions preceding, the depositions of the two adjusters, Mr. Lionel and Mr. Prince, in those depositions they each said that American Access never agreed to the amount payable under the policy and never agreed that she was entitled to recover under the policy. Those were two of the three issues that they're claiming as conditions preceding. So even if you consider those to be conditions preceding, with those statements, there was never any agreement. It shows that she could have demanded arbitration within two years. It is clear from this record, and I don't think you deny it, that you were actually investigating this matter pretty carefully throughout the period, certainly throughout 206 and some part of 207, that you were investigating. Yes. The company was investigating. Is it your position that even though you might be in the midst of an investigation on, say, January 20th of 2008, about six days before the statute of limitations expired, that you would simply just continue to investigate up until January 26th of 2008 and then stop, send a letter, and say, sorry, it's over, even though you were investigating? Well, that's not what happened in this case. We didn't. Well, I noticed, for example, that in November of 2007, now we're getting pretty close to the time limit now, they responded to a request that you had sent them sometime earlier in November or earlier in the year, sometime in late of 2007 for paramedic bills. They responded, but they didn't send what we requested. As I tried to explain to Justice Gordon, we specifically requested the ambulance report, paramedic names and numbers, from the day of the accident. They say they gave it to you in November of 2007. They gave us an ambulance report from the day after, not the one at the scene of the accident. Our letter asked, she said she had her fingers bandaged. My only point is that your argument then basically is that even though you're in the midst of investigating at the time the statute of limitation expires, you're off the hook. You can just stop your investigations, which you've been doing, and they think you're investigating. You are investigating. I believe that is correct. The clock is also ticking. The clock is ticking. If they haven't made a demand, their claim is barred. Okay. I think I understand your position. They had ample opportunity to comply with the requirements. Under the law, it's pretty clear that they could have filed a demand for arbitration, even though the policy could be read as a condition proceeding. There's case law that supports the fact that they could demand arbitration at any time within that two-year period. They could have filed a lawsuit, too. And I would remind you that we did nothing to mislead her. We never said we're going to make an offer, never engaged in settlement negotiations. So it was incumbent upon the claimant to comply with the policy limitations period and demand arbitration within the two years. So I would ask that you affirm the judgment of the trial court. Thank you. Thank you, Ms. Ellison. Mr. Crowley, a final word. I'm trying to keep my Irish under control because a lot was said that was not true, Your Honor. Ms. Tutson said in her sworn statement that she went to the hospital by ambulance. She went the following day. We provided the ambulance report to them. You're hearing nothing but red herrings here to try and dissuade you from what was the issue before the trial court. The issue before the trial court was the failure to demand arbitration. Okay, what about this policy provision that says all notices shall be in writing? What about it? Does it have any significance at all? Well, Your Honor, there's a contrary provision at the very beginning of the policy that says call the carrier immediately by telephone when you have a claim. If there's an ambiguity, that in and of itself is a question of fact, and the court should have to render some adjustment. But it says that all notices about a claim. Doesn't it say that? Shall be in writing. Yeah, you can pick up the phone and start off the ball running, whatever, but what does that provision mean then? Your Honor, the question is, on one hand, if we want to strictly adhere to the contract, as they're saying on the notice provision, then they must strictly adhere to the contract with respect to the arbitration provisions, and the arbitration provision required the completion of three conditional proceedings. I mean, the cases really don't say that, that these are conditions preceding to demanding arbitration. The contract language. Those things talk about the things that are going to have to be arbitrated if you can't agree. This is like what you've agreed upon that will go to arbitration. I mean, there's certainly a reasonable interpretation to what counsel just said in terms of that provision. But the contract also says that you've got to make your demand within two years. What does that mean? It means to me that there's a vagary in the contract. There's ambiguities. And ambiguities must be decided in favor of the insurer, not the insurer. All right. Well, I went off on the track. What's your interpretation of the provisions that says you've got to provide rights? I'm sorry. With respect to this proof of claim form issue, the courts have held that the failure to raise it and then raising it later on appeal, if there's a case of unjust or inequities, that the court should look at that. How more unjust or inequitable can you be than to say two years after, oh, by the way, we're not paying your claim because you didn't return a form, that we didn't deny your claim when we had it. We didn't tell you for the two years that the claim was running that you needed to return the form. Our argument would be, as a good lawyer, you should know when the clock is running, unless you've done something affirmative under the contract in order to toll it. We did. We provided them with all the information pertinent to the claim that they needed to adjust. But our argument in response to that is, but not in the form required by the policies. Well, what does justice require in this case? Now, wait a while. We're not talking justice here. We're talking contract interpretation. Don't confuse us with the words like, next thing you're going to be arguing is equity. I'm teasing you a little bit. But their position is based on the contract language. They have some case law to support them on that. But, Your Honor, this is the conflict in this case. They want strict interpretation of the contract when it pursuits them. They say that the contract doesn't need to be followed when it comes to Ms. Tubson and the arbitration issue. The policy is very clear. It says you must be in compliance with the terms and conditions of the policy before you demand arbitration. You go to the definition of arbitration. When can arbitration be demanded? Arbitration can occur in these three circumstances. It requires some kind of a disagreement between the parties before it triggers the right to arbitration. And despite what counsel said in her argument, I asked the question at the depositions, had American Access either accepted or rejected the claimant's demand in this case? No. To this date, has the claim of Felicia Tubson ever been denied? No. There has not been a disagreement between the company and the claimant as to any of the three conditions preceding it at any time, was there? No. So to come in here and say that they had not agreed was equal to a disagreement is disingenuous, and it goes to this repeated pattern throughout the course of this case. You're basically arguing that their conduct was inconsistent with an intention to enforce strict compliance with the conditions of the policy. That's language right out of the dissent. Unfortunately, in the case they cite, unfortunately it's the dissent. One of the affirmative defenses that counsel didn't tell you that we allege was also fraud. That's also mentioned in the dissent. The conduct of this carrier demonstrated fraud from the get-go. If you lure this woman throughout the course of the two-year pendency into believing that her claim was being adjusted, and then when the two years lapses, come and say, you didn't file arbitration, you didn't return the form, we're not paying your claim, but all the previous correspondence throughout the course of the case says we just need the ambulance report. We just need the bill. We just need this. We just need that, and we're going to be able to decide your case. That is inducement into believing that those other issues were waived. Any other questions, Your Honor? Thank you, Counselor Spock. The case was well briefed. It will be taken under advisement.